FILED'08 MAY 19 15:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GAYLE SANTONI,**

        Plaintiff,

   v.

**JOHN POTTER,**

        Defendant.

Case Number CV 06-3038-CL

**ORDER**

CLARKE, Magistrate Judge.

Following a jury verdict (#123) and Order of the Court (#127), judgment was entered in favor of plaintiff and against defendant in the amount of $258,640.00 (#128), representing $8,640.00 in economic damages (back pay), and $250,000.00 in noneconomic damages. Before the Court are plaintiff's motion to amend judgment and for additional findings (#134) and defendant's motion for amended judgment and findings pursuant to Federal Rules of Civil Procedure 52(b) (#132). For the reasons set forth below, the Court denies both motions.

## LEGAL STANDARDS

Federal Rules of Civil Procedure 52 allows the court, upon timely motion, to amend its findings or make additional findings, and to amend the judgment accordingly. Fed. R. Civ. P. 52(b). A post-judgment motion under Rule 52(b) "permits counsel to ask the court to correct, on

Page 1 - ORDER

the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction." U.S. Gypsum Co. v. Schiavo Bros., Inc., 668 F.2d 172, 180 (3d Cir. 1981). "Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the decision and are not intended to serve as a vehicle for a rehearing." United States v. Oregon, 666 F. Supp. 1461, 1466 (D. Or. 1987).

## DISCUSSION

<u>Plaintiff's motion to amend judgment and for additional findings</u>

Plaintiff contends that she is presumptively entitled to make whole equitable relief after the jury's finding of illegal retaliation. She requests that the Court make appropriate findings and amend the judgment so as to provide her with the following relief: 1) ordering reinstatement with the Postal Service; 2) enjoining defendant from engaging in further acts of reprisal toward her; 3) awarding her back pay until such time as she is reinstated; and 4) retaining jurisdiction to enforce the terms of the decree. Defendant responds that plaintiff is not entitled to reinstatement because her separation from the Postal Service was not caused by any illegal conduct.

Upon a finding of employment discrimination, Title VII provides that the court may "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g). The courts have "broad equitable discretion" to effectuate the "make whole" objective of the statute. Franks v. Bowman Transp. Co., 424 U.S. 747, 763 (1976); Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975). A presumption exists in favor of back pay awards. Caudle v. Bristow Optical Co., 224 F.3d 1014, 1020 (9th Cir. 2000) (citing Albemarle, 422 U.S. at 421). Some courts apply this presumption to

Page 2 - ORDER

all forms of equitable relief. See Slayton v. Ohio Dept. of Youth Servs., 206 F.3d 669, 680 (6th Cir. 2000) (reinstatement); Donnellon v. Fruehauf Corp., 794 F.2d 598, 602 (11th Cir. 1986) (same); Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1397 (6th Cir. 1990) (front pay); McCormick v. Attala County Bd. of Educ., 541 F.2d 1094, 1095 (5th Cir. 1976) (per curiam) (injunctive relief).

Plaintiff argues that, "because plaintiff lost her job as a result of her medical condition, which was caused by illegal retaliation, an order of reinstatement is necessary to remedy the effects of the illegal retaliation [and] An award of back pay follows as an incident to the equitable relief." (Pl. Mot. at 6.) The remedy of reinstatement may be appropriate in some circumstances. However, that remedy is not appropriate in this case in light of the jury's specific finding as to front pay and the Court's Order adopting that finding.

In their verdict, the jury found that, as to plaintiff's Title VII retaliation claim, plaintiff had proven by a preponderance of the evidence that her participation in protected activity was a motivating factor in defendant subjecting her to an adverse employment action in the following ways: by one or more of defendant's actions leading up to plaintiff leaving the Detached Carrier Unit on July 21, 2004; and by defendant's handling of one or more of plaintiff's requests for pay or benefits from July 2004 to the first part of 2005. The jury found that plaintiff had not proven retaliation in defendant's detailing her to Central Point in April 2004; by defendant's not returning her to work per her medical restrictions of her doctors; or by defendant's separating her from the Postal Service in November 2005.

In requesting reinstatement, plaintiff asserts that the issue of whether she is eligible for reinstatement because of defendant's retaliation was not before the jury. However, as the courts

Page 3 - ORDER

have found, the equitable remedy of front pay is often awarded in lieu of reinstatement where reinstatement is impossible or impracticable. When reinstatement is feasible, it is the "'preferred remedy'" in a discrimination case, but front pay will be awarded in lieu of reinstatement when "'it is impossible to reinstate the plaintiff.'" Gotthardt v. Nat'l R.R. Passenger Corp., 191 F.3d 1148, 1156 (9th Cir. 1999) (quoting Thorne v. City of El Segundo, 802 F.2d 1131, 1137 (9th Cir. 1986)); Caudle, 224 F.3d at 1020; see Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 854 & n.3 (2001). Front pay has been defined by the Ninth Circuit as the "'damages paid as [prospective] compensation for training or relocating to another position.'" Caudle, 224 F.3d at 1020 (quoting Fadhl v. City of San Francisco, 741 F.2d 1163, 1167 (9th Cir. 1984), overruled on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989)). However, "To receive front pay, a Title VII plaintiff must show that her employer's violations of Title VII caused her loss of employment." Gotthardt, 191 F.3d at 1155 (and cases cited).

Plaintiff relies on Gotthardt, 191 F.3d 1148, in support of her argument that she is entitled to reinstatement. There, the employer challenged the court's award of front pay following the jury's findings in favor of plaintiff as to her hostile work environment claim. The Ninth Circuit upheld the trial court's finding that there was a causal connection between the hostile work environment and plaintiff's post traumatic stress disorder which had forced her to go on medical leave and not return to work.

Here, the jury found that neither defendant's not returning plaintiff to work per her medical restrictions nor defendant's separating plaintiff in November 2005 was retaliatory. The jury was instructed as to front pay as to plaintiff's retaliation claim, and asked what amount, if any, should be awarded as damages. The jury found that plaintiff should be awarded $0 in front

pay on her Title VII retaliation claim. In adopting the jury's finding, the Court stated that, "As to front pay, the liability decision of the jury would not support an award of front pay since it found that neither defendant's decision to not return plaintiff to work per medical restrictions and its decision to separate plaintiff in November 2005 were retaliatory." (#127 Order at 2.) Thus, there has been no finding which causally links defendant's conduct in this regard to plaintiff's loss of employment. To award reinstatement or front pay in the circumstances here would subvert the jury's findings. Accordingly, reinstatement will not be ordered and, because no reinstatement is ordered, no further back pay will be ordered. See Donnell v. England, No. Civ.A. 03-0086JR, 2005 WL 641749, at *2 (D.D.C. March 17, 2005).

The jury, after considering all of the evidence and numerous verdict questions, awarded those damages to fairly compensate and make whole the plaintiff for the wrongful conduct of defendant. The Court finds a rational connection between the specific liability found and the damages awarded. Plaintiff's motion is denied.

Defendant's motion for amended judgment and findings

Defendant contends that the Court's award of $8,640.00 in back pay to plaintiff is contrary to the evidence presented at trial and should be withdrawn. Plaintiff responds that the award is consistent with the evidence and the Court's instructions, if interpreted as an award for pay and benefits relating to annual leave and advance sick leave.

As stated, supra, once discrimination has been found, there is a presumption in favor of an award of back pay, and the court must exercise it's discretion in ordering equitable relief. Albemarle, 422 U.S. at 418, 421.

Page 5 - ORDER

Defendant argues that Judeth Leubner, a Postal Service time and attendance computer system manager, testified at trial that plaintiff received all of the pay, sick leave, and annual leave to which she was entitled and that she was, in fact, overpaid. Defendant also contends that the compensatory damages awarded to plaintiff resolves any damages from mistakes in the timing of payment of benefits due plaintiff.

Plaintiff, on the other hand, presented evidence that she made requests for advance sick leave, only one of which was granted; she was not paid all of the advance sick leave which had been granted; when she was in leave without pay status, she did not accrue benefits including six hours of leave per pay period; and she did not receive a pay raise when a similarly situated employee received a pay raise.

As the Court found in its Order adopting the jury's findings as to both back pay and front pay:

> The awards are consistent with the jury's findings as to defendant's liability in question 1 of the verdict after consideration and evaluation of the evidence presented. As to back pay, while the exact methodology used by the jury to arrive at its award is not known, the back pay award is generally consistent with the evidence put on by plaintiff concerning lost wages and benefits prior to her separation and is consistent with the Court's instructions in this regard.

(#127 Order at 1-2.) The Court does not believe that the award of $8,640.00 in back pay is contrary to the evidence as argued by defendant. Accordingly, defendant's motion is denied.

IT IS SO ORDERED.

DATED this 19 day of May, 2008

_____
United States Magistrate Judge

Page 6 - ORDER